**PACIFIC LIFE INSURANCE COMPANY, Confederation Life Insurance and Annuity Company, Plaintiffs–Appellees,**

v.

**RAPID SETTLEMENTS, LTD., Defendant–Appellant,**

**Joyce Allen, Defendant.**

**No. 07–4145–CV.**

United States Court of Appeals, Second Circuit.

Feb. 10, 2009.

Stewart Feldman (Susan F. Hatcher and Monica Cavazos–Rosas, on the brief), The Feldman Law Firm, LLP, Houston, TX, (Alan J. Knauf, Knauf Shaw LLP, Rochester, NY, on the brief), for Appellant.

Stephen R. Harris (Katherine L. Villanueva, on the brief), Drinker Biddle & Reath LLP, Philadelphia, PA, for Appellee.

Present: JOSÉ A. CABRANES, DEBRA A. LIVINGSTON, Circuit Judges and RICHARD K. EATON,* Judge.

---

* The Honorable Richard K. Eaton, Judge, United States Court of International Trade, sitting by designation.

## SUMMARY ORDER

Defendant-appellant Rapid Settlements, Ltd. ("Rapid Settlements") appeals from a September 5, 2007 order of the District Court granting summary judgment to plaintiff-appellees, Pacific Life Insurance Company and Confederation Life Insurance and Annuity Company, and dismissing as moot defendant's motion to dismiss. *See Pacific Life Ins. Co. v. Rapid Settlements, Ltd.*, 2007 WL 2530098, at *1 (W.D.N.Y. Sept. 5, 2007). Specifically, the District Court (1) declared void and unenforceable the purported assignment of defendant Joyce Allen ("Allen") to Rapid Settlements annuity payments she was entitled to receive pursuant to a structured settlement agreement, (2) declared void and unenforceable an arbitration award purporting to effectuate the assignment, and (3) enjoined Rapid Settlements from taking further action in any forum to recover the annuity payments due to Allen.

On appeal, Rapid Settlements contends that the District Court erred in granting summary judgment to plaintiffs because (a) Allen's annuity payments were properly assigned to Rapid Settlements, notwithstanding (i) the anti-assignment language in Allen's structured settlement agreement and (ii) the absence of a court order approving the assignment in accordance with the New York Structured Settlement Protection Act,[2] N.Y. GEN. OBLIG. LAW §§ 5-1701 to 1709, which prohibits the assignment of structured settlement payments unless the assignment is approved by a New York court; (b) the arbitration award at issue was valid and enforceable under the Federal Arbitration Act; and (c) the

Full Faith and Credit Clause, *see* U.S. CONST. art. IV, § 1, required the District Court to give preclusive effect to a Texas state court judgment confirming the arbitration award. Rapid Settlements also contends that the District Court erred in enjoining it from seeking in other forums to recover the annuity payments due to Allen. We assume the parties' familiarity with the facts and procedural history of the case.

For substantially the reasons stated by the District Court in its order of September 5, 2007, we conclude that Rapid Settlements's claims are without merit and that the Court did not err in granting summary judgment to plaintiffs or in enjoining defendant. The September 5, 2007 order of the District Court is AFFIRMED.

---

2. It is undisputed that at the time of purported agreement at issue Allen was a resident of New York and that, accordingly, the New York Settlement Protection Act was applicable.